UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JULIO VILLASANA,<br>      # 425299, | )<br>)<br>) | |
| Plaintiff, | )<br>) | No. 3:17-cv-01062<br>CHIEF JUDGE CRENSHAW |
| v. | )<br>) | |
| YOLANDA PITTMAN, | )<br>) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Julio Villasana, an inmate of the Trousdale Turner Correctional Center in Hartsville, Tennessee, brings this *pro se, in forma pauperis* action under 42 U.S.C. § 1983 against Yolanda Pittman, the Assistant Warden of the Trousdale Turner Correctional Center, alleging violations of the Plaintiff's federal civil and constitutional rights. (Doc. No. 1). The Plaintiff seeks declaratory judgment, monetary damages, punitive damages, and injunctive relief. (Id. at 33-36).

The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

**I.    PLRA Screening Standard**

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed *in forma pauperis* that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," id. § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). Id. §

1

1915A(b).

The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." Tackett v. M & G Polymers, USA, LLC, 561F.3d 478, 488 (6th Cir. 2009) (citing Gunasekera v. Irwin, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, Haines v. Kerner, 404 U.S. 519, 520–21 (1972); Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with *pro se* complaints does not require us to conjure up [unpleaded] allegations." McDonald v. Hall, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## II.    Section 1983 Standard

The Plaintiff brings his federal claims pursuant to 42 U.S.C. § 1983.   Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under § 1983,

a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. Tahfs v. Proctor, 316 F.3d 584, 590 (6th Cir. 2003); 42 U.S.C. § 1983.

## III. Alleged Facts

The complaint alleges that the Trousdale Turner Correctional Center allows inmates to keep personal televisions inside their assigned housing cells. The prison provides access to thirty-four television channels, including English-language entertainment, sports, and religious programming. In addition, every weekend the prison broadcasts three or more "free-world, first-run, theatrically released English-language movies that have been made available for distribution by a movie rental company over the prison's closed-circuit TV system for the entertainment of the English-speaking prisoners; however, the prison never broadcasts a Spanish-language movie for the entertainment of Spanish-speaking prisoners." (Doc. No. 1 at 10). According to the Plaintiff, South Central Correctional Facility, CCA/Whiteville Correctional Facility, and CCA/Hardeman County Correctional Facility all provide access to some television stations broadcasting Spanish-language programs for the prisoners of Hispanic-descent housed within those facilities. (Id. at 14).

While incarcerated at the Trousdale Turner Correctional Center, the Plaintiff, who is a Mexican citizen, requested prison officials to provide the Plaintiff and other inmates with access to Spanish-speaking television stations or programming as well as Spanish-language weekend movies. According to the complaint, Defendant Pittman told the Plaintiff that she would never add "any Mexican stuff" to the programming provided to inmates at the Trousdale facility. (Doc. No. 1 at 7). On another occasion, Defendant Pittman allegedly told the Plaintiff: "If you want Mexican T.V., you should go back to Mexico!" (Id. at 9). The Plaintiff filed numerous grievances regarding

3

the matter, but Pittman never responded to the grievances.

IV.     Analysis

The complaint alleges that Defendant has denied and continues to deny the Plaintiff equal treatment under the law in violation of the Fourteenth Amendment to the United States Constitution. (Doc. No. 1 at 1). "The Equal Protection Clause prohibits states from 'mak[ing] distinctions which either burden a fundamental right, target a suspect class, or intentionally treat one differently from others similarly situated without any rational basis for the difference.'" Coleman v. Governor of Mich., 413 Fed.Appx. 866, 877 (6th Cir. 2011) (per curiam) (quoting Radvansky v. City of Olmsted Falls, 395 F.3d 291, 312 (6th Cir. 2005)) (citing Vacco v. Quill, 521 U.S. 793, 799 (1997)).

To the extent that the Plaintiff alleges that the challenged action unduly burdens his exercise of a fundamental right, there is no constitutional right to television while incarcerated. Rawls v. Sundquist, 929 F. Supp. 284, 288-89 (M.D. Tenn. 1996)(Campbell, J)(citing Dede v. Baker, 1994 WL 198179, at *2 (6th Cir. 1994)); see also Madden v. Piper, No. 1:16-CV-P21-GNS, 2016 WL 7116189, at *3 (W.D. Ky. Dec. 6, 2016)(stating that "access to amenities like a television . . . is not a fundamental right").

To the extent the Plaintiff asserts that he is a member of a suspect class, prisoners are not a suspect class for equal protection purposes. Jackson v. Jamrog, 411 F.3d 615, 619 (6th Cir. 2005). However, the Plaintiff alleges that Defendant Pittman, a state actor, intentionally discriminated against the Plaintiff because of his race and/or national origin. Race and national origin are classic examples of suspect classes. See Doe #1 by and through Lee v. Sevier County, Tennessee, No. 3:17-CV-41, 2017 WL 3038144, at *7 (E.D. Tenn. July 17, 2017)(citing Personnel Admin'r of Mass. v. Feeney, 442 U.S. 256, 272-73 (1979)).

4

To a state a claim for a violation of the Equal Protection Clause of the Fourteenth Amendment, the Plaintiff must plead "sufficient facts to show 'that a state actor intentionally discriminated against [him] because of membership in a protected class.'" Brand v. Motley, 526 F.3d 921, 924 (6th Cir. 2008)(quoting Henry v. Metro. Sewer Dist., 922 F.2d 332, 341 (6th Cir. 1990)). Here, the Plaintiff alleges specific facts giving rise to an inference that Defendant Pittman intentionally discriminated against him because of his race and/or national origin. For example, the complaint alleges that Pittman told the Plaintiff: "If you want Mexican T.V., you should go back to Mexico!" (Docket No. 1 at 9). The complaint further alleges that Pittman told the Plaintiff that she would never add "any Mexican stuff" to the programming provided to inmates at the Trousdale facility. (Id. at 7). Therefore, the Court finds that the Plaintiff has sufficiently alleged a violation of the Equal Protection Clause.

In Elliot v. Brooks, No. 980-1470, 1999 WL 525909 (10th Cir. July 20, 1999), a prisoner claimed that the television broadcast selection at his prison favored the selections of the black majority inmate population. Id. at *1. The Tenth Circuit affirmed the district court's finding that, because there is no constitutional right for inmates to watch television, the prisoner plaintiff had failed to allege a cognizable constitutional violation. Id. Likewise, in Webster v. Stanton, No. CIV S-07-2282 MCE KJM P, 2008 WL 1721902 (E.D. Cal. Apr. 10, 2008), a prisoner claimed that jail officials were biased against African-American inmates because Black Entertainment Television was not accessible in the jail and "there's no chanell for African Americans when there are several chanells for Latino's & Hispancis, Caucasians has CMT Country Music Television . . . ." Id. at *1 (spelling and punctuation as in original). Citing Elliot, the court found that inmates have no constitutional right of access to television and the plaintiff's claim was frivolous. Id.

5

These cases are not binding precedent on this Court. Nevertheless, the Court notes that, in dismissing the prisoner-plaintiffs' claims in the cited cases, neither court discussed the Equal Protection Clause; the Courts' analyses rest on the well-settled proposition that the ability to watch television while incarcerated is not a fundamental right. This Court agrees that inmates do not have a constitutional right to television access. However, in both <u>Elliot</u> and <u>Webster</u>, unlike in the instant case, neither prisoner-plaintiff alleged specific facts giving rise to an inference that a defendant intentionally discriminated against the prisoner because of his race and/or national origin in failing to provide certain television programming. For these reasons, the Court believes that <u>Elliot</u> and <u>Webster</u> are distinguishable, and that the instant Plaintiff has stated an equal protection claim upon which relief can be granted for purposes of the required PLRA screening.

**V.    Conclusion**

For the reasons discussed above, in screening the complaint pursuant to the PLRA, the Court finds that the complaint states a colorable, non-frivolous equal protection claim against Defendant Pittman.

An appropriate Order will be entered.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE